UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20cv1771-LL <br><br> **ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE** <br><br> **[ECF No. 7]** |

Currently before the Court is Plaintiff's renewed application for leave to proceed *in forma pauperis* ("IFP"). ECF No. 7. In this action, Plaintiff is seeking reversal or remand of the final decision of the Commissioner of Social Security ("Commissioner") that denied Plaintiff's claim for disability insurance benefits and supplemental security income. ECF No. 1. For the reasons set forth below, the Court **GRANTS** Plaintiff's renewed application for leave to proceed IFP, but **DISMISSES WITHOUT PREJUDICE** the complaint.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). A

federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he or she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

The determination of indigency falls within the district court's discretion. California Men's Colony, Unit II Men's Advisory Council v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins, 335 U.S. at 339). However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Here, Plaintiff submitted an affidavit indicating that her sole source of income is from public assistance in the amount of $190 a month. ECF No. 7 at 1–2. Plaintiff attests that she has no assets or savings. Id. at 2-4. Based on the above, the Court concludes that Plaintiff's application demonstrates she is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845

(9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In Social Security appeals, judges in this circuit have found that a complaint challenging the denial of benefits must contain the following basic requirements to satisfy the Court's screening:

> First, the plaintiff must establish that [s]he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Montoya v. Colvin, No. 216CV00454RFBNJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

Here, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for disability insurance benefits and supplemental security income. ECF No. 1. The Court assumes that the nature of Plaintiff's disability is what the administrative law judge ("ALJ") found to be medically determinable impairments—asthma, osteoarthritis, and depression/anxiety—because that is the only description of the nature of Plaintiff's disability in the complaint. See id. at 2–3. However, Plaintiff fails to state when she became disabled, stating only that Plaintiff "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." Id. at 2. As set forth above, this omission renders the complaint insufficient to survive the *sua sponte* screening required by

28 U.S.C. § 1915(e)(2). See Montoya v. Colvin, 2016 WL 890922, at *2. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. Plaintiff **MAY FILE** an amended complaint on or before **December 4, 2020**. Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.

**IT IS SO ORDERED**.

Dated:  November 16, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge